UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARCIE JOHNSON

VERSUS                                                                                          NO. 22-161-JWD-SDJ

DOLLAR GENERAL CORPORATION, et al.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **fourteen (14) days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 9, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARCIE JOHNSON

VERSUS                                                                             NO. 22-161-JWD-SDJ

DOLLAR GENERAL CORPORATION, et al.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Remand filed by Plaintiff Marcie Johnson on April 8, 2022. (R. Doc. 5). Defendant DG Louisiana, LLC,[1] filed an untimely Opposition (R. Doc. 6) on May 2, 2022, without leave of Court. *See* Local Rule 7(f) (requiring response within 21 days of the Motion to Remand). Although the Court has considered Defendant's Opposition, it notes that it was improperly filed. After reviewing the parties' filings and the applicable law, the Court **RECOMMENDS** that Plaintiff's Motion to Remand be **GRANTED**.

**I.    Background**

Plaintiff filed this cause of action in the 18th Judicial District Court for the Parish of Pointe Coupee after she sustained injuries while shopping at a Dollar General store in Fordoche, Louisiana. The Petition alleges that Plaintiff slipped in a puddle of liquid detergent and fell to the ground, resulting in injuries to her knees and subsequent surgery. (R. Doc. 1-2 at ¶2). Named as Defendants in the state court Petition are DG Louisiana and its employee Hannah Davis.[2] (R. Doc. 1-2 at ¶1).

---

[1] Defendant notes that it has in this matter been incorrectly styled as "Dollar General Corporation and Dolgencorp, LLC d/b/a Dollar General".
[2] The name "Hannah Davis" appears to be a mistake of name, as will be addressed below. Because this is the name used throughout Plaintiff's filings, the Court will continue to refer to the employee defendant as "Hannah Davis".

On March 8, 2022, Defendant DG Louisiana filed a Notice of Removal asserting that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). Per the Notice of Removal, Plaintiff is a citizen of Louisiana, and Defendant DG Louisiana is a citizen of Tennessee. (R. Doc. 1 at 5). DG Louisiana contends that Defendant Hannah Davis was improperly joined and thus that the Court should disregard her citizenship for the purposes of determining diversity jurisdiction. Specifically, DG Louisiana asserts:

> Plaintiff's Petition for Damages does not contain any specific allegations that Hannah Davis had a personal duty toward Plaintiff or that the breach of that personal duty caused Plaintiff's damages. Rather, the Petition asserts general administrative duties. Furthermore, Plaintiff has not requested service on Hannah Davis. This demonstrates Plaintiff's intent to name Hannah Davis as a non-diverse defendant in order to defeat diversity jurisdiction.

(R. Doc. 1 at 4-5).

On April 8, 2022, Plaintiff filed the instant Motion to Remand, alleging that Hannah Davis is a properly-joined, non-diverse defendant. (R. Doc. 5). Plaintiff asserts that remand is appropriate because DG Louisiana has not met its burden to show that joinder of Hannah Davis was improper. (R. Doc. 5-1 at 6). In opposition, DG Louisiana asserts that there can be no cause of action against Hannah Davis because no such person exists (R. Doc. 6 at 3) and because the claims against Hannah Davis are based on general administrative duty rather than a personal duty to Plaintiff. (R. Doc. 6 at 5).

## II. Applicable Law

### A. Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000,

exclusive of interest and costs." 28 U.S.C. § 1332(a). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted). The removal statute is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction.

B.  **Standard for Fraudulent Joinder**

If Hannah Davis, a Louisiana citizen, is properly joined, her presence in this action precludes removal and the Motion to Remand should be granted. 28 U.S.C. § 1441(b)(2). "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004). Any ambiguities in fact or state law and any doubts over whether federal jurisdiction is proper must be resolved in favor of remand. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)); *Bartel v. Alcoa Steamship Co.*, 64 F.Supp.3d 843, 847 (M.D. La. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*,

326 F.3d 644, 646-47 (5th Cir. 2003)). There is no allegation here of actual fraud, so the only question is as to Plaintiff's ability to establish a cause of action against Hannah Davis. The test for failure to establish a cause of action is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. In order to determine whether there is a possibility of recovery, "[t]he Court may conduct a Rule 12(b)(6) analysis, looking at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*.

### III. Discussion

#### A. Removing Defendant Has Not Met Its Burden to Prove Improper Joinder

"When a case is removed to federal court on the basis of diversity jurisdiction, the *Erie* doctrine requires federal courts to apply substantive state law when adjudicating state law claims." *RPM Pizza, LLC v. Argonaut Great Cent. Ins. Co.*, Civil Action Nos. 10-684, 12-147, 2013 WL 1296678, at *2 (M.D. La. March 28, 2013) (citing *LeMeilleur v. Monumental Life Ins. Co.*, 419 Fed. Appx. 451, 453 (5th Cir. 2011) & *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). "Under Louisiana law, a court may hold a corporate officer or employee individually liable for injuries to third persons under certain circumstances." *Kemp v. CTL Distribution, Inc.*, 440 Fed. Appx. 240, 245 (5th Cir. 2011) (citing *Canter v. Koehring*, 283 So.2d 716 (La. 1973), *superseded on other grounds by statute*, La. R.S. § 23:1032 (1998)). "This 'liability may be imposed on such individuals even if the duty breached arises solely from the employment relationship.'" *Id*. (citing *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312 (5th Cir. 2005) and *Ford v. Elsbury*, 32 F.3d

931, 936 (5th Cir. 1994)). "[A]n employee is personally liable if (1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care." *Moore v. Manns*, 732 F.3d 454, 456-57 (5th Cir. 2013) (citing *Canter*, 283 So.2d at 721). "However, a defendant-employee's 'general administrative responsibility' is insufficient to impose personal liability." *Id*.

Plaintiff alleges in her Petition that the manager on duty instructed Hannah Davis several times to clean the detergent spill but that it was never cleaned. (R. Doc. 1-2 at 2). The Petition also alleges that Hannah Davis "had actual knowledge of the spill as she either created the dangerous condition, or was told by manager to clean the floor and failed to clean the floor". (R. Doc. 1-2 at 3). "This Court has previously held that, 'Under Louisiana law, an employee's personal involvement in causing the alleged injury or the employee's knowledge of the dangers present could give rise to the personal duty contemplated by *Canter*.'" *Mathes v. PNK (Baton Rouge) Partnership*, Civil Action No. 17-392, 2017 WL 5762434, at *5 (M.D. La. Nov. 6, 2017) (quoting *Haynes*, 2014 WL 2769080 at *3). The allegations in Plaintiff's Petition are sufficient to establish a possibility of recovery against Hannah Davis under *Canter*. *See, e.g., Ford*, 32 F.3d at 936 (employee's knowledge of a risk of harm and failure to respond to the risk could create personal liability under *Canter*); *Marbury v. Cracker Barrell Old Country Store, Inc.*, Civil Action No. 18-905, 2019 WL 4667340 at *5 (M.D. La. Sept. 6, 2019) (assertion that employee was made aware of a dangerous condition, was responsible for correcting the condition, and left it unattended was sufficient to establish personal liability and merit remand to state court).

Once a plaintiff has stated a claim against a non-diverse defendant, the removing defendants "must come forward with evidence to negate a possibility of liability against the non-

diverse defendant." *Randolph v. Wyatt*, Civil Action No. 09-2020, 2010 WL 569753 at *5 (W.D. La. Feb. 11, 2010) (citing *Travis v. Irby*, 326 F.3d 644, 650-51 (5th Cir. 2003)). Here, DG Louisiana asserts that Plaintiff's allegations amount to merely general administrative duties rather than personal duty. (R. Doc. 1 at 4). But DG Louisiana offers only conclusory assertions that Hannah Davis's actions as alleged in Plaintiff's Petition should be considered "general administrative duties" under *Canter*.

By way of analogy, DG Louisiana cites *Martin v. Winn Dixie*, in which the plaintiff sued the manager of a Winn-Dixie store in her individual capacity for failing to "manage or supervise the store as to prevent the presence of hazardous and dangerous conditions". *Martin v. Winn Dixie Montgomery, LLC*, Civil Action No. 15-5770, 2016 WL 952258 at *1 (E.D. La. Mar. 14, 2016). There, the plaintiff did not assert that the manager had actual knowledge of a dangerous condition but rather that the condition was present for long enough to confer constructive notice. *Id.* The court found that the manager's duties of supervision were general administrative duties, negating the manager's personal duty to the plaintiff. That court specifically distinguished cases in which employees had actual personal knowledge of a dangerous situation and failed to cure it. *Id.* at *3 (citing *Amaya v. Holiday Inn New Orleans-French Quarter*, Civil Action No. 11-1758, 2011 WL 4344591 (E. D. La. Sept. 15, 2011)). Here, DG Louisiana alleges that "Plaintiff's contention that Hannah Davis may have had actual knowledge of the alleged hazardous condition does not create a personal duty". (R. Doc. 6 at 5). But Plaintiff's Petition does not allege that Davis *may* have known of the hazardous condition. The Petition alleges that she had *actual* knowledge of the spill, was instructed to clean it multiple times but did not remedy the hazard, and that she may indeed have *created* the dangerous situation. (R. Doc. 1-2 at ¶2, 7).

Plaintiff's Petition clearly alleges that Hannah Davis was a store employee delegated a duty to remedy the hazard that caused Plaintiff's injury, and that the duty was specific to the hazard rather than a general administrative duty (such as supervision of the store in general). Because DG Louisiana offers no evidence to dispute those assertions or to show that they do not constitute personal liability under Louisiana law, this Court concludes that Plaintiff has a reasonable possibility of recovery against in-state Defendant Hannah Davis. Therefore, Hannah Davis was not improperly joined, and her citizenship must be considered for the purposes of diversity jurisdiction.

### B. Removing Defendant's Remaining Arguments

DG Louisiana argues for the first time in their Opposition to Remand that the citizenship of Hannah Davis should be ignored because "Dollar General does not (and did not) employ a woman named 'Hannah Davis' at the time of the alleged incident". (R. Doc. 6 at 2). DG Louisiana asserts that there is no reasonable possibility of recovery against the in-state Defendant because no such employee exists. (R. Doc. 6 at 3). But this is immediately followed by a "concession" that there was an employee named Hannah *Daigle* believed to be on duty at the time of the incident. (R. Doc. 6 at 3). Diversity jurisdiction is determined based on citizenship of the parties named in the complaint. Here, "Hannah Davis" is not a fictional or hypothetical employee, but a specific person whose name Plaintiff seems to have simply misunderstood or misspelled—indeed, DG Louisiana's "concession" above indicates that they understand this to be the case. This Court will not disregard the citizenship of a properly-joined defendant for mistake of name when DG Louisiana offers no legal justification for doing so.

DG Louisiana also claims that Plaintiff's failure to serve Hannah Davis shows Plaintiff's intention to join Davis merely as a means to defeat diversity jurisdiction. (R. Doc. 6 at 6). An email

attached to DG Louisiana's Notice of Removal shows that Plaintiff's attorney did indeed actively seek to perfect service on Hannah Davis but, as of at least February 9, 2022, had not received her contact information from DG Louisiana. (R. Doc. 1-4 at 1). Regardless, a party's intentions regarding service do not determine jurisdiction. The Fifth Circuit has explained that the diversity requirement is evaluated not based on service but upon citizenship of the parties named in the action. *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (citing *New York Life Insurance Co. v. Deshotel*, 142 F.3d 873 (5th Cir. 1998). DG Louisiana's brief argument about service has no bearing on the Court's decision regarding jurisdiction.

## IV.  Conclusion

For the reasons discussed above, there is not diversity of citizenship between the properly-joined parties, and thus,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 5) be **GRANTED** and the matter shall be remanded to the 18th Judicial District Court for the Parish of Pointe Coupee, State of Louisiana.

Signed in Baton Rouge, Louisiana, on March 9, 2023.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**